IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, CALIFORNIA NATIVE PLANT SOCIETY, CALIFORNIA WILDERNESS COALITION, SIERRA CLUB, THE WILDERNESS SOCIETY, DEFENDERS OF WILDLIFE, LOS PADRES FORESTWATCH, and the NATURAL RESOURCES DEFENSE COUNCIL, <br><br> Plaintiffs, <br><br> v. <br><br> DALE N. BOSWORTH, Chief, U.S. Forest Service, DAVID TENNY, Deputy Under Secretary for Natural Resources and Environment, Department of Agriculture, U.S. FOREST SERVICE, a federal agency, and U.S. DEPARTMENT OF AGRICULTURE, a federal agency, <br><br> Defendants. | No. C 06-06523 WHA <br><br> **ORDER ALLOWING LIMITED DISCOVERY AND SETTING SCHEDULE FOR SUPPLEMENTAL BRIEFING** |

A summary judgment order remanded for a statement of reasons for a denial of discretionary review of plaintiffs' one-day-late administrative appeals. A statement was provided. Plaintiffs and defendants were then asked to submit briefs regarding the next steps to be taken. There are some narrow issues on which plaintiffs may take discovery. These include the extent to which the Forest Service applied its rule consistently with respect to late-filed administrative appeals under its discretionary review process, and the extent to which the Forest Service knew that the address the UPS had for the agency was incorrect and yet continued to recommend UPS as a way to file such appeals.

\*          \*          \*

This action concerns the Forest Service's revisions to the Land Management Plans for four national forests located in southern California. On April 3, 2006, the Regional Forester for the Pacific Southwest Region issued a record of decision for each forest plan. The records of decision notified potential appellants that appeals must be filed with the Chief of the Forest Service in Washington D.C., no later than 90 days after the date specified in the published notices of decision.

The notices of decision indicated to potential appellants that administrative appeals could either be sent using the United States Postal Service or via ground delivery. Different addresses were provided for each method. The legal notices also contained language warning appellants of potential security delays resulting from sending the appeals via the Postal Service. Forest Service regulations stated that a legible Postal Service postmark would be considered evidence of timely filing in the event of a question.

Plaintiffs in this action sent their administrative appeals via ground delivery on the day before the 90-day appeal period closed. They entered the address given for ground-delivery by the notices of decision into the UPS computer system. It returned a different address which plaintiffs used instead of the one provided. UPS was unable to deliver plaintiffs' administrative appeals the next day. They were ultimately delivered one day after the appeal period had closed. The administrative appeals were dismissed as untimely. Plaintiffs petitioned the Forest Service for discretionary review of their administrative appeals. The Forest Service declined in a brief letter.

Plaintiffs filed this action on October 18, 2006, seeking to compel review of their administrative appeals. Parties filed cross-motions for summary judgment. Plaintiffs argued that the Forest Service's acceptance of a Postal Service postmark, and not a UPS receipt, as evidence of timely filing was arbitrary and capricious. An order issued on March 23, 2007, holding that the Forest Service's interpretation of its own regulation was valid. It was not clear, however, that the Forest Service had applied its regulation consistently to all late-filed administrative appeals. The Forest Service also gave no explanation for its denial of

1 discretionary review of plaintiffs' administrative appeals. Accordingly, defendants were
2 ordered to file a statement of reasons for denying discretionary review. After the statement was
3 filed, parties were asked to file briefs regarding the next steps to be taken in this action,
4 particularly whether limited discovery would be appropriate.

*       *       *

In reviewing the decision of an administrative agency, "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973). In some circumstances, however, expanding review beyond the record or permitting discovery is justified.

> The district court may inquire outside the administrative record when necessary to explain the agency's action. When such a failure to explain agency action effectively frustrates judicial review, the court may "obtain from the agency, either through affidavits or testimony, such additional explanation of the reasons for the agency decision as may prove necessary." The court's inquiry outside the record is limited to determining whether the agency has considered all relevant factors or has explained its course of conduct or grounds of decision.

*Animal Def. Council v. Hodel*, 840 F.2d 1432, 1436 (9th Cir. 1988) (quoting *Camp v. Pitts*, 411 U.S. 138, 143 (1973)).

Here, defendants have been noticeably reticent in providing reasons for their decision to deny discretionary review of plaintiffs' administrative appeals. Nor have they explained whether they were aware that UPS had an incorrect delivery address for their building or the extent to which the incorrect address contributed to plaintiffs' untimely filing. Furthermore, in this action, the vast majority of the administrative record deals with the forest plans themselves, *not* the Forest Service's decision to deny discretionary review. The administrative record gives little insight into the Forest Service's decision-making processes. Thus it is difficult to review the decision itself, meaning the decision to deny discretionary review of plaintiffs' administrative appeals.

The summary judgment order asked defendants to explain their reasons for denying discretionary review of plaintiffs' administrative appeals. Specifically, they were to address the

3

factors they took into account in making the decision and the extent to which the decision on plaintiffs' administrative appeals was consistent with decisions on other late-filed appeals. Defendants' explanation was inadequate. They did not address how they treated similar untimely-filed appeals; they merely stated that they were consistent in applying their policies without identifying any similar instances. Defendants identified four factors they used in making their decision. These were whether the decision was precedential in nature, whether the decision modified or established new policy, controversy surrounding the decision, and potential for further litigation. As to these factors, defendants merely stated that the decision was consistent with the regulation, it was not precedential, did not modify or establish new policy, and was not controversial except as to plaintiffs.

Accordingly, plaintiffs may take narrowly-drawn discovery on the following issues. First, plaintiffs may take discovery into the way that the Forest Service handled other late-filed (not just one-day-late) administrative appeals under the same regulation. Second, plaintiffs may also take discovery into the extent to which other appeals were handled consistent with these procedures. Finally, plaintiffs will be allowed to take discovery on the extent to which the Forest Service was aware that the address in the legal notices differed from the address that the UPS had on file for the Forest Service and otherwise encouraged its use.

Plaintiffs may serve ten narrowly-directed document requests on these subjects, followed by two depositions, each lasting one day. Both the document requests and the depositions must be reasonably related to the above-mentioned topics unless otherwise ordered. All discovery must be completed no later than **45 DAYS** from the date of this order. Thereafter, plaintiffs should file a supplemental brief no later than **JUNE 28, 2007**. Defendants' opposition should be filed no later than **JULY 5, 2007**. Any reply from plaintiffs will be due no later than **JULY 12, 2007**.

**IT IS SO ORDERED.**

Dated: May 4, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4