United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, CALIFORNIA NATIVE PLANT SOCIETY, CALIFORNIA WILDERNESS COALITION, SIERRA CLUB, THE WILDERNESS SOCIETY, DEFENDERS OF WILDLIFE, LOS PADRES FORESTWATCH, and the NATURAL RESOURCES DEFENSE COUNCIL, <br><br> Plaintiffs, <br><br> v. <br><br> DALE N. BOSWORTH, Chief, U.S. Forest Service, DAVID TENNY, Deputy Under Secretary for Natural Resources and Environment, Department of Agriculture, U.S. FOREST SERVICE, a federal agency, and U.S. DEPARTMENT OF AGRICULTURE, a federal agency, <br><br> Defendants. | No. C 06-06523 WHA <br><br> **ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** |

**INTRODUCTION**

In this action under the Administrative Procedure Act, plaintiffs have filed a supplementary motion for summary judgment. After an order issued on plaintiffs' and defendants' cross-motions for summary judgment, plaintiffs were allowed to take discovery on certain narrow issues raised by their motion. Because the facts show that defendants did not treat all administrative appeals equally under the regulations, defendants' decision to deny

discretionary review of plaintiffs' administrative appeals was arbitrary and capricious. Accordingly, plaintiffs' motion for summary judgment is **GRANTED**.

## STATEMENT

The initial facts in this action are set out more fully in the order on plaintiffs' and defendants' cross-motions for summary judgment. Plaintiffs Center for Biological Diversity, California Native Plant Society, California Wilderness Coalition, The Sierra Club, The Wilderness Society, Defenders of Wildlife, Los Padres Forest Watch, and Natural Resources Defense Council are environmental groups concerned with forest preservation. They brought this action to compel defendants Dale N. Bosworth, Chief of the United States Forest Service, David Tenny, Deputy Undersecretary for Natural Resources and Environment, United States Forest Service, and the United States Department of Agriculture to review their administrative appeals on the merits.

The action concerns the Cleveland, Angeles, San Bernadino, and Los Padres National Forests, all located in southern California. In the process of revising the Land Management Plans for the four forests, the Regional Forester for the Pacific Southwest Region of the Forest Service issued a record of decision for each. The decisions were based on the Final Environmental Impact Statements prepared by the service and were issued on April 3, 2006 (AR 1390–1488). Each alerted potential appellants that administrative appeals under 36 C.F.R. 217 must be filed with the Chief of the Forest Service in Washington, D.C. within 90 days of date specified in the published legal notice of decisions (AR 1412, 1436, 1463, 1487).

Appeals could either be delivered via United States Postal Service or via ground delivery or messenger service. The notices provided two different addresses — one for the Postal Service and one for ground delivery. The notices also warned potential appellants that the use of the Postal Service could result in some delay, although the statement did not comment on the timeliness of the appeals.

Plaintiffs prepared their appeals and sent them to the Forest Service via UPS on July 19, 2006. Center for Biological Diversity employees entered the ground-delivery address from the notices into the UPS computer system. The system did not recognize the address and provided

2

a different, substitute address. CBD employees were unsuccessful in contacting Forest Service employees to clear up the mixup. Plaintiffs then sent the administrative appeals using the address provided by UPS.

Although the administrative appeals were sent via overnight service, UPS was unable to deliver them on July 20, 2006, because of an incorrect address. UPS attempted delivery the next day and was successful. Plaintiffs' administrative appeals did not arrive at the Forest Service's headquarters until July 21, 2006, one day after the 90-day appeal period had elapsed. The Forest Service dismissed plaintiffs' administrative appeals in a letter dated August 4, 2006, without review on the merits (AR 6850). On August 18, 2006, plaintiffs asked for discretionary review of the dismissal (AR 6854–55). The Forest Service declined the request on September 5, 2006, in a very brief letter (AR 6857, 6859).

\*             \*             \*

Plaintiffs filed this action on October 18, 2006, seeking declaratory and injunctive relief to require defendants to withdraw dismissal of their administrative appeals and review them on the merits. Parties developed an administrative record and then filed cross-motions for summary judgment. An order dated March 23, 2007, held that defendants did not violate the APA in dismissing plaintiffs' administrative appeals as untimely. Defendants did fail, however, to state their reasons for denying discretionary review. The action was remanded to the Forest Service so that it could give a statement of reasons for dismissing plaintiffs' appeals and denying discretionary review. The Forest Service was ordered to address the factors for discretionary review under 36 C.F.R. 317.7 and the extent to which the agency's notice contributed to the address problems.

Defendants filed the statement of reasons on April 23, 2007, and thereafter the Court asked for parties' proposals on the next steps to be taken. An order issued on May 4, 2007, allowing plaintiffs to take discovery on certain narrow issues. These were: (1) the manner in which the Forest Service handled other late-filed appeals under the same regulation; (2) the extent to which other appeals were handled consistent with those procedures; and (3) the extent to which the Forest Service was aware that the address in the published notice did not match the

3

address the UPS had on file and the extent to which the Forest Service invited the use of ground-delivery services. Plaintiffs were permitted to serve ten narrowly-directed document requests on the agencies and to conduct two depositions, each lasting a single day. A briefing schedule was set, which was later continued to a later date per parties' stipulation.

**ANALYSIS**

Under FRCP 56(c), summary judgment should be granted where the pleadings, discovery, and affidavits show "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." On appeal of administrative decision, there are generally no genuine issues of material fact, thus the Court's role is to make legal determinations based on those facts. *See Northwest Motocycle Ass'n. v. United States Dep't. of Agric.*, 18 F.3d 1468, 1471–72 (9th Cir. 1994). Here, parties agree on the relevant facts, thus only legal determinations need be made.

The APA entitles persons suffering legal wrong because of agency action to judicial review of agency decisions. 5 U.S.C. 702. Under the APA, "a reviewing court shall hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law . . . ." 5 U.S.C. 706. "The scope of review under the arbitrary and capricious standard is narrow and a court is not to substitute its judgment for that of the agency. Nevertheless, the agency must examine the relevant data and articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made." "That is, an agency must cogently explain why it has exercised its discretion in a given manner and in reviewing that explanation, we must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error in judgment." *Northwest Envt'l. Def. Ctr. v. Bonneville Power Admin.*, 477 F.3d 668, 687 (9th Cir. 2007) (citing *Motor Vehicle Mfgrs. Ass'n v. State Farm Mutual Auto Ins. Co.*, 463 U.S. 29, 43, 48 (1983)).

1. **DENIAL OF DISCRETIONARY REVIEW.**

Plaintiffs contend that the Forest Service's denial of discretionary review of their administrative appeals was arbitrary and capricious because the Forest Service did not supply

4

1    reasons for the denial.  Under 36 C.F.R. 217.7, "[i]n electing to exercise discretion, a Reviewing
2    Officer should consider, but is not limited to, such factors as controversy surrounding the
3    decision, the potential for litigation, whether the decision is precedential in nature, or whether
4    the decision modifies existing or establishes new policy."  Plaintiffs argue that defendants did
5    not consider these factors in making the decision to deny discretionary review of the decision to
6    dismiss plaintiffs' administrative appeals.  They also contend that any reasons given now by the
7    Forest Services are merely post-hoc rationalizations.

8         Defendants stipulated that "[t]he four discretionary review factors were not explicitly
9    discussed at the meeting with former Deputy Under Secretary David Tenny regarding
10   discretionary review" (Augustine Decl. Exh. D).  Richard Cook, Deputy Director for Ecosystem
11   Management Coordination, testified in his deposition that these were the first time that he knew
12   of where administrative appeals had been received by a ground delivery service before the filing
13   date, but arrived at the Forest Service after the filing date (*id*. at Exh. F, 62:2–12).  Cook also
14   testified that Tenny considered plaintiffs' administrative appeals together with two other
15   administrative appeals that were also rejected as untimely.  He asked if the appeals were late
16   and wanted to know if the Forest Service was treating them all alike (*id*. at Exh. F,
17   100:22–101:4; 111:20–22).  The other two administrative appeals were sent after the end of the
18   appeal period (*id*. at Exh. G).  Tenny also asked how the appeals were delivered and whether
19   the Forest Service had been consistent in dismissing them (Li Decl. Exh. A, 115:16–19;
20   116:20–117:1).  The only written record of his decision was a form titled "Discretionary
21   Review Routing" with the decision box checked "No" (Augustine Decl. Exh. E).  According to
22   defendants, Tenny used the standard Forest Service form for discretionary review (*id*. at Exh.
23   Q).

24        Plaintiffs argue that defendants' decision was arbitrary and capricious because they did
25   not consider the four factors in the regulation.  Instead, the only thing Tenny asked about was
26   whether or not the late-filed administrative appeals were treated the same.  Tenny only checked
27   a box on a form, so there was no evidence that he actually considered the factors under the
28   regulations.  Plaintiffs also argue that their situation implicated each of the four factors:  the

decision to deny review was precedential because it had never happened before, it was controversial, there was a high potential for litigation, and it set new policy because defendants had never before defined the term "postmark" to only include the Postal Service. At least as to the last factor, the prior order already determined that the Forest Service's interpretation of the term "postmark" was not arbitrary and capricious.

Defendants point out that review under this regulation is discretionary, that is, the regulation only gives factors to guide decision-making processes. Even if all four factors were implicated, nothing demanded that the Forest Service grant discretionary review of the dismissal. The Forest Service may also look at other factors in making the decision, such as timeliness. As to plaintiffs' contention that Tenny did not consider the four factors at all, defendants agree that he did not do so in name. Instead, those factors were addressed by his questions about timeliness, whether all appeals were treated equally, and how the appeals arrived. The statement of reasons proffered after the cross-motions for summary judgment affirmed that the decision to deny discretionary review was controversial as to plaintiffs and had the potential for litigation, but that none of the other factors was present.

Here, it does not appear that the Forest Service's application of 36 C.F.R. 217.7 was arbitrary and capricious. The discussion at the meeting regarding the appeals was brief, to be certain, but the kind of searching inquiry that plaintiffs desire is not required under the regulation. The regulation merely gives some factors that should be considered, along with others deemed appropriate. Moreover, the regulation does not guarantee any particular result. The Forest Service is not obliged to grant discretionary review. The Forest Service is still obliged to administer the regulation in a consistent manner, as described below, but it cannot be said here that denying discretionary review was arbitrary and capricious.

### 2. ADDRESS FOR GROUND DELIVERY.

Plaintiffs also argue that defendants did not verify the address that was on file with the UPS at the time plaintiffs submitted their administrative appeals. Plaintiffs assert that the incorrect address was the ultimate cause of their untimely-filed appeals. Defendants respond by

6

pointing out that UPS is a private delivery service, so the agencies have no obligation to ensure that UPS has their correct address.

Plaintiffs present evidence that the Forest Service did not check the address that the UPS had on file. In one of plaintiffs' document requests, they asked for all documents regarding how the Forest Service determined the address for ground delivery. No responsive documents existed according to the agencies (Augustine Decl. Exh. Q). In his deposition, Richard Cook testified that he was unaware of how the address was chosen, and confirmed that no one had checked the address given by the UPS website. He also stated that the Forest Service never had occasion to check the address because they did not have problems receiving packages (*id*. at Exh. F, 75:20–76:18). Plaintiffs also point out that the Forest Service now uses the same zip code as was provided by the UPS system, which was different from the address in the notices plaintiffs received (*id*. at Exh. O, P).

Defendants respond by pointing out that the address provided in the notices is still in the Forest Service's internal directory (Second Li Decl. Exh. A, 69:4–15, 91:19–93:5). Moreover, no other prospective appellants reported having problems with the address. And it is still undisputed that plaintiffs sent their appeals to a different quadrant of the District of Columbia than was specified by the address in the notice. Even so, plaintiffs fail to cite any authority that would require a government agency to verify the address provided by a system belonging to a private delivery service. UPS may be one of the most well-known delivery services, but there are any number of others that could each provide different addresses. Nothing would require the Forest Service to chase down each address provided by each service. Accordingly, defendants had no responsibility to verify the address provided by UPS.

### 3. APPLICATION OF DISCRETIONARY REVIEW PROCESS.

Plaintiffs next argue that the Forest Service failed to consistently apply its discretionary review policy under 36 C.F.R. 217.7. According to plaintiffs, differences in the language for notices of appeal showed that the regulations were administered in a haphazard manner. Additionally, plaintiffs contend that some late-filed appeals were treated differently than others without a rational basis for doing so.

### A.      Language in Notices of Appeal.

When starting an administrative appeals process, the Forest Service issues notices to the public. Plaintiffs present evidence that language in these notices differed across different administrative appeals. Steven Segovia testified that the notice of appeal letters were generally prepared by regional Forest Service offices and that he was aware of no oversight by the Washington D.C. office (Augustine Decl. Exh. K, 28:7–20). Plaintiffs point out several differences in various appeal notices. Some contained warnings that use of the Postal Service could cause security delays (*id*. at Exh. M). Some showed different zip codes for ground delivery at the Forest Service (*id*. at Exh. N). Some even allowed appeals to be submitted electronically (*id*. at Exh. M). Plaintiffs also reiterate their argument that defendants gave no guidance as to their interpretation of the term "postmark" in determining whether administrative appeals were timely filed.

According to plaintiffs, these differences in language indicate that appeals were administered in a sufficiently haphazard manner to render the Forest Service's actions arbitrary and capricious. Plaintiffs point out that there was no oversight by the Washington D.C. office to ensure consistency in notices of appeals. Plaintiffs point to no regulation, and the Court has found none, that would require the Forest Service to prepare its notices of appeal in precisely the same way in all instances. Under the governing regulations, the Forest Service is required to give notice of the appeal process in the Federal Register and in newspapers of general circulation. The notice must contain "a concise description of the decision made by title or subject matter, the date of the decision, the name and title of the official making the decision, and information on how to obtain a copy of the decision, and . . . [that] the appeal period begins the day following the notice's publication." 36 C.F.R. 217.6. That all notices were not the same down to the letter simply does not indicate that defendants' ultimate decision was arbitrary and capricious.

Plaintiffs contend at length that the notice of appeal told them to use ground-delivery services by pointing out that there could be delays in receipt if administrative appeals were sent via the Postal Service. Both Forest Service officials deposed by plaintiffs acknowledged that

8

early receipt did benefit the Forest Service at least some of the time because it gave them more time to address the administrative appeals. Plaintiffs also point to a statement on the Forest Service's website that reads "[n]ote that regular mail is still irradiated before it comes to the National Headquarters. So regular mail may take longer than normal to arrive. Anything time sensitive should be sent Fedex, UPS, Courier, etc." (Augustine Decl. Exh. P).

Defendants respond by arguing that even if the differences in notices of appeal were material, plaintiffs have presented no evidence that they actually saw or relied on any other notices of appeal or the Forest Service's website. Plaintiffs have not presented any evidence to the contrary, but they contend that the Forest Service's notice should have alerted them to the website. Plaintiffs, however, do not present any authority, they merely argue that the website contains some phone numbers and other important information about the appeals that could have been useful. The regulations regarding notices, however, do not require such information. Plaintiffs' argument that the Forest Service is not consistently administering its own regulations carries little weight here as the regulations do not address these issues.

As to ground delivery services, plaintiffs also argue that the Forest Service's encouraging the use of ground-delivery services is downright disingenuous when coupled with the absence of guidance regarding the term "postmark." The prior order on plaintiffs' and defendants' cross-motions for summary judgment upheld the Forest Services' interpretation of the term as indicating the United States Postal Service mark only. Moreover, encouraging appellants to use a certain service does not change the fact that administrative appeals must be filed by a certain date. Plaintiffs have not presented evidence that any of these perceived discrepancies resulted in untimely-filed appeals being treated differently.

Plaintiffs also put much stock in the fact that appeal notices for other programs allowed administrative appeals to be submitted by electronically. No email address was given in the notices for this action, and when plaintiffs called the regional office, the person they spoke to said that there was no email address for the Washington D.C. office. Despite this, plaintiffs claim that if they had known that other appeals processes allowed administrative appeals to be submitted by email, they would have done the same thing, thus avoiding this problem.

9

1  Plaintiffs assume a great deal. The notice of appeal for the forest plans in question did not
2  mention email as an acceptable form of delivery, so it is unclear if their administrative appeals
3  would have been accepted even if plaintiffs had known the email address. Finally, the ability to
4  submit administrative appeals via email in some circumstances has little bearing on the
5  timeliness of the administrative appeals in question. Even assuming email filing was permitted
6  in this instance, the Forest Service still would have used time of receipt as evidence of timely
7  filing, except for administrative appeals with a postmark.

**B.  California Farm Bureau Appeal.**

9  Finally, plaintiffs present evidence that an administrative appeal from the California
10 Farm Bureau was accepted even though it was untimely filed. In a letter dated June 28, 2001,
11 the Forest Service sent a letter to the California Farm Bureau. According to the letter, the
12 appeal was dated April 17, 2001, was marked "Return for Postage," lacked a postmark, and was
13 received in the Washington D.C. office on April 25, 2001. The Farm Bureau's administrative
14 appeal was dismissed as untimely under 36 C.F.R. 217.8 (Augustine Decl. Exh. I). On July 10,
15 2001, the Farm Bureau sent a letter, together with sworn declarations from its attorney and her
16 legal secretary, that explained that the Farm Bureau had completed the appeals on time, placed
17 them in the mail, but failed to attach proper postage (*id*. at Exh. J). The Farm Bureau took its
18 administrative appeals to the Post Office and asked a postal employee whether the appeals
19 would receive a postmark from that day. The employee answered yes. The Forest Service
20 ultimately reinstated the Farm Bureau's appeal in a letter dated July 21, 2001, which stated that
21 based on the declarations, the administrative appeals were timely filed (*id*. at Exh. K). In his
22 deposition, plaintiffs asked Steven Segovia, former Assistant Director for Appeals and
23 Litigation at the Forest Service, about the California Farm Bureau administrative appeal. He
24 testified that the Forest Service recommended that the appeal be denied (*id*. at Exh. L, 22:3–19).

25 Plaintiffs contend that the Forest Service did not provide reasons for reinstating those
26 administrative appeals, or for dismissing the ones in question here. Because of this, according
27 to plaintiffs, the Forest Service's actions were arbitrary and capricious. That the California
28 Farm Bureau's appeal was reinstated is, to plaintiffs, evidence that the Forest Service is

10

inconsistent in its interpretations of the regulation. When it wants to, the Forest Service considers a prospective appellants' intent in sending appeals.

Defendants argue that the California Farm Bureau's appeal is distinguishable from the facts here. That decision was made not at the discretionary review stage, but at the first level of appeal stage at the Forest Service (*id*. at Exh. K). Defendants do not elaborate on the procedural or functional difference between the two situations. They give no reason as to why untimely administrative appeals should be treated differently at those two stages. Defendants also point out the California Farm Bureau attached declarations to their letters which showed that it had, in good faith, attempted to timely file the administrative appeals, while plaintiffs did not. Plaintiffs, however present evidence that they tried to contact the appropriate offices several times to find out what they could do with regard to their appeals. Plaintiffs also argue that had the option been offered to them, they would have submitted declarations similar to the California Farm Bureau's.

Defendants have not come forth with cogent reasons for treating these two comedies of errors differently. The California Farm Bureau waited until the last day, tried to get its administrative appeals postmarked, but failed to affix sufficient postage. Plaintiffs sent their administrative appeals a day early, but by ground delivery to the wrong address. Both sets of appeals were received after the end of the appeal period, and neither bore a valid postmark. Thus, defendants' decision to deny discretionary review of plaintiffs' appeals was arbitrary and capricious in view of defendants' past practices. Accordingly, on this ground, plaintiffs' motion for summary judgment is **GRANTED**.

**CONCLUSION**

For all of the above-stated reasons, plaintiffs' motion for summary judgment is **GRANTED**. Defendants are ordered to withdraw dismissal of plaintiffs' administrative appeals as untimely. Defendants are also ordered to consider plaintiffs' administrative appeals on the

11

merits. If plaintiffs wish to make a request for attorney's fees, they should do so by a separate motion. Judgment shall be entered for plaintiffs.

**IT IS SO ORDERED.**

Dated: October 23, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE